UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

B&P LITTLEFORD, LLC,

               Plaintiff,

v                                             Case No. 18-11425
                                            Honorable Thomas L. Ludington

PRESCOTT MACHINERY, LLC,
and RAY MILLER,

               Defendants.

_____/

## ORDER DENYING MOTION TO RE-OPEN DISCOVERY

On May 7, 2018, Plaintiff B&P Littleford, LLC ("B&P") filed a complaint against Defendants Prescott Machinery, LLC ("Prescott") and Ray Miller. Plaintiff alleges that Defendants misappropriated "confidential, proprietary, and other trade secret information" from Plaintiff. ECF No. 1 at PageID.1. On June 13, 2019, Plaintiff filed a motion to reopen discovery. The motion will be denied.

## I.

### A.

According to its initial complaint, Plaintiff designs and manufactures "a wide variety of highly engineered mixers, dryers, extruders, compounders, kneaders, reaction vessels, Podbielniak Centrifuges, and centrifugal separation equipment for manufacturing applications." ECF No. 1 at PageID.3. Defendant Miller was previously employed at B&P in various capacities, including as a board member and B&P's President and Chief Executive Officer. *Id.* at PageID.4. Miller's employment gave him access to B&P's confidential and trade secret information, including information related to the Mixer. *Id.* at PageID.5.

In 2008, Miller terminated his employment with B&P. *Id.* As part of his termination, he entered into a confidential settlement and release agreement with Plaintiff in which he represented

> Since July 31, 2008, [Miller] has not had and does not have physical possession of or access to any customer lists, software, records, manuals, equipment, drawings, blue prints, or confidential proprietary information of or about B&P, whether hard copy or electronic. Nor has Miller given any such materials or information to any other person for any purpose other than to advance the business interests of B&P.

*Id.* at PageID.6. Soon after terminating his employment with Plaintiff, Miller started the company Prescott Machinery, LLC. *Id.* He is its president.

One of the products produced by Plaintiff is a 16 PVM Planetary Vertical Mixer ("Mixer") that had been installed in the 1960s at the United States Navy's Surface Weapons Center at China Lake, California. Plaintiff developed the Mixer in order to "provide a high speed mixer with close tolerances to improve over other mixers in the marketplace." *Id.* at PageID.7. In 2017, the Navy issued a Request for Proposal to "retrofit and overhaul the Mixer." *Id.* Plaintiff submitted a response to the request, but the Navy awarded the contract ("China Lake contract") to Prescott. A B&P vendor subsequently received copies of Prescott's drawings because the vendor was asked to supply parts for the China Lake contract. The vendor provided these drawings to Plaintiff. Plaintiff alleges that "[a] review of Prescott's drawings and schematics received from the vendor shows that B&P's confidential and trade secret technical drawings were used in Prescott's attempt to source parts for the Navy's contract." *Id.* at PageID.8.

On May 7, 2018, Plaintiff filed its complaint against Miller and Prescott. It contended that Defendants violated the Federal Defend Trade Secrets Act and the Michigan Uniform Trade Secrets Act and was liable for civil conspiracy and conversion. Plaintiff further alleged that Miller was liable for breach of contract, breach of the duty of loyalty and fiduciary duty, promissory

estoppel, and unjust enrichment. Plaintiff also contended that Prescott was liable for tortious interference with contractual relations.

**B.**

On October 16, 2019, Plaintiff filed a motion to compel. ECF No. 21. The motion was referred to Magistrate Judge Morris who held a hearing on November 20, 2018. ECF No. 31. She granted the motion in part and denied it in part. During the hearing, she explained that discovery was limited to the scope of Plaintiff's complaint, specifically those drawings and trade secret information related to the project at issue in Plaintiff's complaint, the Mixer and the China Lake contract. During the hearing, Judge Morris held:

> It's the single project and it's five drawings. I think that the scope of discovery should allow the plaintiff to seek information about both those things in the sense that plaintiff should not be limited to the five drawings, but rather any drawings or other information that was misappropriated by Miller to Prescott and how that happened, or how Prescott got it, whether it was through Miller or someone else, relating only to this project.

ECF No. 32 at PageID.650-651. Accordingly, the scope of discovery was limited to discovery related to the Mixer and the China Lake contract.

On April 5, 2019, Plaintiff filed a motion to amend its complaint. ECF No. 41. On April 25, 2019, a stipulated order was entered permitting Plaintiff to amend its complaint. ECF No. 44. Plaintiff's amended complaint added allegations of misappropriation by Defendants in addition to those presented in its initial complaint regarding the Mixer. The amended complaint provides

> Defendants have misappropriated additional documents, drawings, and other confidential, proprietary, and trade secret information wholly unrelated to the Mixer or the Navy's RFP, but that belongs to B&P and is being used by Miller and/or Prescott to B&P's detriment and damage.

ECF No. 45 at PageID.995. Plaintiff represents that the day after filing its amended complaint, it requested Defendants to supplement their answers to seven interrogatories and five production requests that Plaintiff had requested seven months prior in November.

On May 8, 2019, Plaintiff filed a motion to compel. ECF No. 47. The motions were referred to Judge Morris who held a hearing on June 4, 2019. ECF No. 51. She denied Plaintiff's motion to compel and held that:

> Plaintiff's Motion to Compel (R. 47) is DENIED as untimely. Plaintiff's Amended Complaint may have expanded the scope of discovery but it did not automatically trigger a need to supplement all previous discovery requests.

ECF No. 68 at PageID.1792. From this holding, Plaintiff's have conjectured that "Judge Morris denied its Compel Motion, but opined that B&P was free to file a Motion seeking leave to re-open discovery for this purpose." ECF No. 69 at PageID.1806.

A month and a half after the close of discovery, Plaintiff filed a motion to reopen discovery. ECF No. 69. Plaintiff seeks to obtain the seven interrogatories and five production requests that it had previously sought. *Id.* at PageID.1795. Plaintiff alleges that these are "**_identical_** to 7 Interrogatories and 5 Production Requests found in Plaintiff's first discovery requests served on Defendants in November **_and identical_** to the 7 Interrogatories and 5 Production Requests for which Plaintiff sought 'initial and/or supplemental production' from Defendants on April 26, 2019." *Id.* at PageID.1795-1796 (emphasis in original).

For the following reasons, Plaintiff's motion will be denied.

## II.

Federal Rule of Civil Procedure 16(b)(4) provides "[a] schedule may be modified only for good cause and with the judge's consent." Regarding the extension of discovery, a court should consider the following factors:

(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to…prior discovery requests.

*Marie v. American Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014).

### III.

A discovery extension is not merited in consideration of these five factors. Plaintiff filed its complaint over a year ago. The parties were provided extensive time to conduct discovery and the discovery period was extended on two separate occasions. Plaintiff has known of this discovery issue for months. It acknowledges that it seeks the same interrogatories and production requests that it served almost a year ago. ECF No. 69 PageID.1809.

Plaintiff contends that it has not been dilatory in seeking this discovery material because it "attempted to obtain discovery on these **<u>identical</u>** issues in its **<u>very first</u>** discovery requests, served on September 26, 2018. But, time and again, Defendants stymied Plaintiff's efforts." ECF No. 69 at PageID.1809 (emphasis in original). It is not surprising that Defendants "stymied" Plaintiff's efforts at that point in the litigation because Plaintiff had not yet amended its complaint. Defendants were under no obligation to provide this additional discovery since it was beyond the scope of the issue framed by the initial complaint. As explained by Judge Morris at the November hearing, the scope of discovery was limited to the China Lake contract and the Mixer. Plaintiff amended its complaint at the end of the discovery period and on the eve of the dispositive motion deadline. Accordingly, Defendants cannot be faulted for refusing to give discovery material that fell outside of the ambit of the complaint.

Accordingly, Plaintiff's motion to reopen discovery and compel discovery, ECF No. 69, is

**DENIED**.


Dated: August 13, 2019

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge