UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

B&P LITTLEFORD, LLC,

      Plaintiff,         Case No. 1:18-cv-11425

v.                  Honorable Thomas L. Ludington
                    United States District Judge
PRESCOTT MACHINERY, LLC,
and RAY MILLER,

      Defendants.
_____/

**OPINION AND ORDER REOPENING DISCOVERY AND DIRECTING DEFENDANTS TO FILE RENEWED MOTION FOR SANCTIONS**

This matter is before this Court on remand from the Sixth Circuit Court of Appeals. *See B&P Littleford, LLC v. Prescott Mach., LLC*, No. 20-1449, 2021 WL 3732313, at *1 (6th Cir. Aug. 24, 2021). In May 2018, Plaintiff B&P Littleford, LLC ("B&P") filed a complaint against Defendants Prescott Machinery, LLC ("Prescott") and its president, Ray Miller ("Miller"). ECF No. 1. B&P alleges that Defendants misappropriated its mechanical drawings in violation of state and federal trade-secret law. *Id.* In September 2019, this Court granted summary judgment for Defendants on their statute-of-limitations defense. *B&P Littleford, LLC v. Prescott Mach., LLC*, 417 F. Supp. 3d 844 (E.D. Mich. 2019). Several months later, this Court sanctioned B&P's attorney, John B. Hardaway III, for withholding information during discovery. *B&P Littleford, LLC v. Prescott Mach., LLC*, No. 18-11425, 2020 WL 1847915 (E.D. Mich. Apr. 13, 2020). In August 2021, the Sixth Circuit reversed summary judgment for Defendants, vacated the sanction, and remanded the case for further proceedings. *B&P Littleford*, 2021 WL 3732313, at *10.

For the reasons stated below, discovery will be reopened, the parties will be granted leave to file new dispositive motions, and Defendants will be directed to file a new sanctions motion.

I.

A.

The Sixth Circuit aptly summarized the relevant facts in its opinion. *See generally id.* From 1995 to 2008, Ray Miller served as B&P's president and CEO. *Id.* After being discharged for misconduct, he started his own company, Prescott. *Id.* Both B&P and Prescott specialize in the manufacture and design of industrial equipment. *Id.* B&P alleges that Miller misused his position at the company to acquire five confidential drawings that he later used to compete with B&P when he obtained a Navy contract for the rebuilding of a vertical planetary batch mixer in China Lake, California ("China Lake Project").[1] *Id.* at *3–4.

Miller acknowledges that he obtained two sets of B&P drawings after departing B&P but denies misappropriating either. Instead, he claims that he stumbled across the first set in 2013 while cleaning out an abandoned filing cabinet, and that he received the second set from a former B&P salesman he employed, Edmond Henry. *Id.* at *3. Henry prepared and submitted Prescott's bid for the China Lake Project, but Miller claims that he did not learn about the bid until after it was accepted. *Id.*

Defendants' motion for summary judgment advanced two arguments: (1) that the three-year statute of limitations barred B&P's claims because B&P had reason to know in 2012 of the alleged misappropriation; and (2) that B&P's drawings were not trade secrets because B&P did not take reasonable precautions to ensure their secrecy. *See* ECF No. 72 at PageID.1906.

Defendants' statute-of-limitations argument relied largely on B&P's statements to the FBI. In 2015, B&P sent a complaint to the FBI ("2015 Complaint"), signed by Mr. Hardaway, detailing

---

[1] B&P allegedly learned of the China Lake misappropriation after a vendor associated with the project forwarded Prescott's drawings to B&P. *B&P Littleford, LLC v. Prescott Mach., LLC*, No. *20-1449*, 2021 WL 3732313, at *3 (6th Cir. Aug. 24, 2021).

its suspicions regarding Miller and Prescott. *B&P Littleford*, 2021 WL3732313, at *2. In sum, B&P claimed that Miller had misappropriated "the entire electronic files of B&P's technical drawings." ECF No. 78-2 at PageID.2791. B&P claimed that it first became aware of Miller's misappropriation in 2012, when vendors began suggesting that Miller was using B&P drawings. *See id.* at PageID.2791–93. Ultimately, the FBI declined to prosecute B&P. *B&P Littleford*, 2021 WL3732313, at *2.

B&P did not disclose the 2015 Complaint to Defendants until May 6, 2019—one year after B&P initiated the case, and one day before the deposition of B&P's CEO. *Id.* at *4. In a contemporaneous email, B&P claimed that the untimely disclosure was "inadvertent." ECF No. 72-13 at PageID.2211.

As Defendants correctly noted in their summary-judgment briefing, "a claim for misappropriation arises only once for statute of limitations purposes—at the time of the initial misappropriation, subject to the discovery rule." ECF No. 72 at PageID.1923 n.22 (quoting *Amalgamated Indus. v. Tressa, Inc.*, 69 F. App'x 255, 261 (6th Cir. 2003) (per curiam) (unpublished)). Based on the 2015 Complaint, Defendants argued that B&P's claim accrued in 2012, when it first had reason to suspect Miller's misappropriation. *See id.* at PageID.1927. In response, B&P maintained that before it caught Miller "red-handed" with the China Lake drawings in 2018, it merely had a "general sense of malfeasance"—which was not enough to survive a motion to dismiss. *See* ECF No. 83 at PageID.3189. After reviewing the record, this Court found that B&P must have been aware of Miller's misappropriation in 2012:

> Plaintiff's 2015 complaint to the FBI demonstrates that Plaintiff was aware of the misappropriation as early as 2012. Regarding the China Lake project, Plaintiff attempts to characterize its discovery of the misappropriation to have occurred in 2018. However, Plaintiff's 2015 letter to the FBI states that Miller possessed "the entire electronic files of B & P's technical drawings" since 2012. ECF No. 78-2 at PageID.2791. The drawings for the China Lake project were presumably among

> those taken by Miller since[,] according to Plaintiff, the Mixer was installed in the 1960s and would therefore be present in the "entire electronic files of B&P."

*B&P Littleford, LLC v. Prescott Mach., LLC*, 417 F. Supp. 3d 844, 855 (E.D. Mich. 2019). Consequently, this Court held that B&P's claims were untimely and declined to reach Defendants' second ground for summary judgment. *Id.* at 857.

A few weeks after summary judgment was entered, Defendants filed a motion for attorney's fees against B&P and Mr. Hardaway, which was later granted in part. *See* ECF No. 94 at PageID.3407 (first citing 18 U.S.C. § 1836(b)(3)(D); and then citing MICH. COMP. LAWS § 445.1905); *B&P Littleford, LLC v. Prescott Mach., LLC*, No. 18-11425, 2020 WL 1847915 (E.D. Mich. Apr. 13, 2020). As relevant, this Court found that given his involvement in the 2015 Complaint, Mr. Hardaway must have known that B&P's claims were untimely when this case was initiated. *B&P Littleford*, 2020 WL 1847915, at *13. Mr. Hardaway was therefore ordered to pay Defendants' attorney fees and costs. *Id.* at *15.

**B.**

On appeal, the Sixth Circuit had a different view of the case. *See B&P Littleford*, 2021 WL 3732313, at *10. The Sixth Circuit agreed with this Court that "the first discovered (or discoverable) misappropriation of a trade secret commences the limitation period," and that "[e]ach new misuse or wrongful disclosure . . . [merely] augment[s] a single claim of continuing misappropriation." *Id.* at *6. But the Sixth Circuit disagreed that B&P's suspicion of misappropriation in 2012 necessarily triggered the limitations period, given several hypothetical circumstances that might have pertained. *See id.* at *6–8.

First, it was unclear whether this case involved one continuing misappropriation or multiple independent misappropriations with different limitations periods. *See id.* at *6 ("[N]othing in MUTSA, DTSA, or relevant caselaw suggests that a misappropriation of one trade secret can

trigger the limitations period for a claim based on the misappropriation of a *different* trade secret."). As the Sixth Circuit explained, "the determination of whether disclosed information is a trade secret," or "whether disclosed information constitutes one trade secret or many," is a "fact-specific inquiry." *Id*. But by the time the case was on appeal, it was apparently "undisputed that Defendants did not actually possess B&P's entire electronic files." *Id.* at *7. And because of certain limitations placed on discovery earlier in the case, "it [was] unclear what documents or drawings Defendants did have, when they had them, and how they got them." *Id.* As a result, "a reasonable jury could conclude that the acquisition and use of the China Lake drawings in 2017 or 2018 was a *new* misappropriation" that started a *new* limitations period. *Id.* (emphasis added).

Second, even if Henry's delivery of the China Lake drawings was part of a continuing misappropriation, B&P had plausibly tolled the limitations period by conducting a reasonable investigation. *Id.* at *8; *see also Adcor Indus.v. Bevcorp, LLC*, 252 F. App'x 55, 62 (6th Cir. 2007) ("[T]he discovery rule requires the owner of a trade secret to conduct a timely and reasonable *investigation* after learning of possible misappropriation, not to prematurely file."). As the Sixth Circuit explained, there was some evidence that B&P had "attempted to unearth evidence of misappropriation but was stymied by a lack of documentation," until learning of the China Lake drawings in 2018. *B&P Littleford*, 2021 WL 3732313, at *8.

For these reasons, the Sixth Circuit reversed summary judgment for Defendants and remanded for "further proceedings." *Id.* at *8, *10.

The Sixth Circuit did not address Defendants' second ground for summary judgment or explain how this Court should proceed on remand. But it did suggest that discovery should be reopened to further explore when and how Defendants obtained B&P's drawings. *See, e.g.*, *id.* at *7 ("[A]s a result of the court's denial of B&P's requests for broad discovery to assess the scope

of Defendant's misappropriation and its order limiting discovery to the China Lake mixer, it is unclear what documents or drawings Defendants did have, when they had them, and how they got them.");[2] *id.* at *8 ("[S]ummary judgment was premature and further factual development is required.").

With respect to Mr. Hardaway and his sanctions, the Sixth Circuit vacated the sanctions award but declined to reverse the sanctions generally. The Sixth Circuit explained that:

> B&P's complaint is not frivolous and so sanctioning Hardaway for bringing this suit was clearly erroneous. . . . Withholding that FBI complaint until a week before the discovery deadline and the day before Slovin's deposition, however, inhibited Defendants' ability to make follow-up discovery requests and to ask detailed questions about the document at that deposition. The 2015 FBI Complaint, moreover, was prepared and signed by Hardaway and was relevant to understanding the nature of Defendants' alleged misappropriation and when B&P became aware of it. Despite Hardaway's arguments that he was not "principally in charge of discovery," his signature was on B&P's pleadings and his name was included in the signature block of various submissions filed by B&P in connection with discovery. A district court has broad discretion regarding discovery and trial matters and we do not conclude that the imposition of sanctions against Hardaway was an abuse of that discretion.

*Id.* at *9. Accordingly, the Sixth Circuit ordered this Court "to take up the motion for sanctions in light of the pleadings, record, and rulings in the case, and if appropriate, to fashion an award for any fees and costs that were 'reasonably incurred' by Defendants as a direct result of Mr. Hardaway's misconduct." *Id.* at *10.

### III.

Following a post-remand status conference, this Court directed the parties to file supplemental briefing addressing: (1) whether discovery should be reopened; (2) whether additional summary judgment motions should be filed; and (3) whether an additional sanctions motion should be filed. ECF No. 129 at PageID.4138. The parties and Mr. Hardaway have since

---

[2] B&P's request to "broad[en] discovery" is discussed further in Section III.A.i, *infra*.

filed responsive briefing. *See* Pl.'s Supp. Brief, ECF No. 130; Defs.' Supp. Brief, ECF No. 131; Hardaway's Supp. Brief, ECF No. 132. Each issue is addressed in turn below.

A.

The first issue is whether discovery should be reopened. In B&P's view, the Sixth Circuit essentially resolved this issue insofar as it reversed summary judgment on the statute of limitations and called for "further factual development." *See* ECF No. 130 at PageID.4149 (quoting *B&P Littleford*, 2021 WL 3732313, at *8). By the same token, B&P argues that further discovery is necessary to resolve Defendants' second ground for summary judgment—their reasonable-precautions argument. *See id.* at PageID.4156. Although the Sixth Circuit's holding was technically limited to Defendants' statute-of-limitations defense, B&P argues that Defendants' reasonable-precautions argument implicates the same set of facts. *See id.* (claiming that Defendants' reasonable-precautions argument "squarely implicates how Miller himself came upon certain drawings").

For their part, Defendants argue that their second ground for summary judgment should be resolved immediately. *See* ECF No. 131 at PageID.4165–67. They correctly note that "neither the Sixth Circuit nor this Court addressed" that ground. *Id.* at PageID.4167. And in their view, the Sixth Circuit's reversal does not justify "start[ing] this action anew." *Id.* at PageID.4172.

Reopening discovery is within this Court's broad discretion. *See* FED. R. CIV. P. 16(b)(4) (allowing district courts to modify scheduling orders "for good cause"); *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) ("District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets."). In deciding whether to reopen discovery, courts typically consider five factors:

> (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery

period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests.

*Marie*, 771 F.3d at 366 (cleaned up). "[T]he overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Id.*

This is not the first time this Court has considered these factors in this case. In June 2019, just before Defendants filed their motion for summary judgment, B&P filed a motion to reopen discovery. ECF No. 69. Ultimately, this Court denied B&P's motion as untimely, finding that B&P had been dilatory. *See* ECF No. 86 at PageID.3321 (noting that B&P "amended its complaint at the end of the discovery period and on the eve of the dispositive motion deadline"). But having reviewed the record—and being more fully advised than before as to the relevant procedural background—this Court now takes a different view of this case and the earlier discovery proceedings.[3] Before elaborating further, additional background is needed.

### i.

Since serving its first set of discovery requests in July 2018, B&P has consistently sought discovery from Defendants regarding the total number of B&P drawings in their possession and how Defendants obtained them. *See* Prescott's Resp. to Pl.'s First Set of Interrog., ECF No. 21-2 at PageID.356 (asking Prescott to identify "all of Plaintiff's confidential, proprietary, and/or trade secret information that Defendant [Miller] has received"). And since that time, Defendants have consistently refused to provide that information.

The issue was first presented to Magistrate Judge Patricia T. Morris in October 2018, when B&P filed a motion to compel. ECF No. 21. During the motion hearing, Defendants argued that

---

[3] B&P has not formally asked this Court to revisit the order denying its motion to reopen. But to the extent that doing so is necessary, this Court has the "inherent power to reconsider interlocutory orders," particularly in light of the Sixth Circuit's decision. *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991); *see also id.* (noting that district courts may "modify, or even rescind, such interlocutory orders").

discovery should be limited to the China Lake Project, because B&P had not specifically alleged other instances of misappropriation in its complaint. *See* November 20, 2018, Hr'g Tr., ECF No. 32 at PageID.616; *see also id.* at PageID.626–27 ("When you look at the complaint, they're saying there are five drawings . . . The claim doesn't go beyond that."). In response, B&P claimed that it had limited its complaint to what it knew at the time, as broader allegations might have offended Rule 11. *See id.* at PageID.641–42. In the end, Judge Morris agreed that B&P had limited the scope of discovery by including specific allegations in its complaint; she therefore denied B&P's motion. *Id.* at PageID.650–51. Simply stated, B&P could not seek discovery beyond the China Lake Project due to the way it drafted its complaint. *See id.*

But the situation changed in January 2019, when Defendants produced "nearly 1,000 pages of production . . . [containing] highly technical and detailed engineering schematics." Pl.'s Mot. to Amend Compl., ECF No. 41 at PageID.885–86. Based on an expert analysis of that production, B&P concluded that Defendants had misappropriated an additional 22 drawings. *Id.* On March 11, 2019, B&P served a copy of a proposed amended complaint on Defendants and asked for their consent to file it. *Id.* In addition to the five original drawings and the 22 others produced in discovery, B&P's amended complaint alleged that Defendants had misappropriated some unspecified number of "additional" drawings. *See* Pl.'s Proposed Am. Compl., ECF No. 41-1 at PageID.903. When Defendants refused to consent, B&P filed a motion to amend on April 5, 2019. ECF No. 41. The parties eventually stipulated to the motion, and on April 24, 2019, this Court entered an order allowing B&P to file its amended complaint, ECF No. 44, which it filed the following day, ECF No. 45.

By the time B&P filed its amended complaint, time was of the essence; the May 13, 2019 discovery cutoff was just a few weeks away. *See* Second Am. Scheduling Order, ECF No. 42 at

PageID.973. By all appearances, B&P acted with an appropriate sense of urgency. On April 26, 2019—the day after B&P filed the amended complaint—B&P sent a letter to Defendants, asking them to supplement their responses to several discovery requests. *See* Pl.'s E-mail, ECF No. 47-3. Those requests concerned, among other things, the total number of B&P drawings that Defendants had acquired. *See* Defs.' Resp. to Pl.'s First Am. Set of Interrog., ECF No. 47-2 at PageID.1086. When Defendants refused to supplement their responses, B&P filed another motion to compel, which was again referred to Judge Morris. ECF No. 47.

But like before, B&P's efforts proved unfruitful. During the motion hearing, Defendants argued that they had no duty to supplement discovery responses that they had served *before* B&P filed its amended complaint.[4] *See* June 4, 2019, Hr'g Tr., ECF No. 116 at PageID.4063–64. In response, B&P contended that regardless of Defendants' duty to supplement, they should have treated B&P's email as a new discovery request. *Id.* at PageID.4068–69. But as Judge Morris noted, even if B&P's email were a new discovery request, the 30-day response period would have extended beyond the discovery cutoff. *See id.* at PageID.4084; *see also* FED. R. CIV. P. 33(b)(2). Consequently, Judge Morris denied B&P's motion as untimely. ECF No. 116 at PageID.4084. Even so, Judge Morris remarked that if B&P "[wanted] to seek an amendment of the discovery cutoff, [it was] welcome to . . . take [that] up with [the undersigned]." *Id.*

On June 13, 2019, B&P took Judge Morris's advice and filed a motion to reopen discovery for an additional 30 days. ECF No. 69. Unfortunately, because this Court was relatively unfamiliar with the discovery proceedings—partly because neither party furnished this Court with a copy of the June 2019 transcript—it concluded that B&P had been dilatory and denied the motion to reopen. *See* ECF No. 86 at PageID.3322.

---

[4] Notably, the parties never filed the transcript of this hearing. It was not docketed until after summary judgment had been entered for Defendants, while the case was pending on appeal.

**ii.**

Having reconsidered the five factors outlined in *Marie v. American Red Cross*, 771 F.3d 344 (6th Cir. 2014), this Court will reopen discovery. To begin, the second, fourth, and fifth factors—which address the materiality of discovery, diligence of the movant, and responsiveness of the nonmovant—each weigh in B&P's favor. *See id.* at 366. As explained in Section III.A.i, *supra*, the information B&P seeks is plainly material; B&P has diligently pursued that information; and Defendants have rebuffed B&P at every turn. *Cf. id.*

Materiality is particularly significant here. Although previously more cautious in its allegations, B&P now alleges that Defendants misappropriated an unspecified number of "additional" drawings, beyond those already identified in the amended complaint. ECF No. 45 at PageID.995. It is elementary that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Whether Defendants have other B&P drawings and how Defendants obtained them are both questions that lay at the heart of this case. Therefore, B&P should at least have an *opportunity* to learn the answers.

In contrast, only the first and third *Marie* factors weigh against reopening discovery, and neither is persuasive. The first factor addresses when the movant learned of the outstanding discovery; the third addresses the overall length of discovery. *See Marie*, 771 F.3d at 366. Regarding the first factor, B&P has known since at least 2018 that Defendants were withholding relevant information. Ordinarily, that length of time would weigh heavily against it. But by all accounts, B&P never ignored this information and vigorously pursued a remedy, filing two motions to compel, a motion to amend, and a motion to reopen discovery. Indeed, it seems that the only reason B&P has not already obtained the information it seeks is because it was overly cautious

and drafted a rather narrow complaint—an unusual mistake for a plaintiff to make.

As to the third factor, the scheduling order was entered in July 2018 and amended three times, with discovery concluding on May 13, 2019. *See* Scheduling Order, ECF No. 14; First Am. Scheduling Order, ECF No. 35; Second Am. Scheduling Order, ECF No. 42; Order Extending Dates, ECF No. 60. In other words, the parties received 10 months of discovery. Although 10 months is not trivial amount of time—and should have been sufficient—it is unsurprising that B&P needs more time given the contentiousness of this case.

As indicated, three factors weigh in favor of reopening discovery and two weigh against it. Thus, on balance, the five *Marie* factors weigh in favor of reopening discovery.

### iii.

This Court is also persuaded to reopen discovery given the natural implications of the Sixth Circuit's decision for Defendants' second ground for summary judgment.

To prevail on their second ground for summary judgment, Defendants must show that there is no genuine dispute of material fact that B&P failed to take reasonable precautions to maintain the secrecy of its drawings. *See Giasson Aerospace Sci., Inc. v. RCO Eng'g, Inc.*, 680 F. Supp. 2d 830, 839 (E.D. Mich. 2010). In discussing the facts on appeal, the Sixth Circuit noted that "the record lacks key details regarding [the China Lake] drawings, . . . including what specific parts they concerned . . . and how [Defendants] obtained them." *B&P Littleford*, 2021 WL 3732313, at *7. Presumably, those "key details" would shed considerable light on whether B&P took reasonable precautions to protect its drawings. Notably, in drafting the argument section of their motion for summary judgment, Defendants devoted less than two full pages to their reasonable-precautions argument; in total, the reasonable-precautions argument received less than five pages of briefing between the motion, response, and reply.

Ultimately, resolving Defendants' second ground for summary judgment now—without any additional discovery—would risk another "premature" decision or—even worse—an invasion of the fact-finding role specifically vested in the jury. *See id.* at *8.

### iv.

For all the reasons discussed in Section III.A, *supra*, discovery will be reopened for an additional 90 days. To avoid extending the discovery period any further, the parties are strongly urged to immediately resolve any discovery issues between them.

### B.

The next issue is whether additional summary-judgment briefing is appropriate. "[D]istrict courts may in their discretion permit renewed or successive motions for summary judgment . . . ." *Lexicon, Inc. v. Safeco Ins. Co. of Am.*, 436 F.3d 662, 670 n.6 (6th Cir. 2006); *see also Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995) (per curiam) ("[T]he denial of summary judgment has no *res judicata* effect, and the district court may, in its discretion, allow a party to renew a previously denied summary judgment motion or file successive motions, particularly if good reasons exist.").

It seems likely that, with an additional 90 days of discovery, either B&P or Defendants could develop a persuasive case for summary judgment. Further, given the backlog of criminal cases awaiting trial, it is unlikely that additional motion practice would meaningfully delay trial in this case. For these reasons, the parties will be granted leave to file new motions for summary judgment according to the scheduled provided in Section IV, *infra*.

### C.

The final issue is whether additional motion practice is necessary to resolve Mr. Hardaway's sanctions. Mr. Hardaway and the parties agree that the issue should be resolved as

expeditiously as possible; Defendants, in specific, have requested an evidentiary hearing. Defs.' Supp. Br., ECF No. 131 at PageID.4175. But given the Sixth Circuit's clarification of the applicable standard for sanctions, *see B&P Littleford*, 2021 WL 3732313, at *10, this Court may be able to resolve the issue without a hearing.

Therefore, Defendants will be directed to file a renewed motion for sanctions setting forth the legal and factual basis for their request. Consistent with the Sixth Circuit's order, Defendants' motion must address the "fees and costs that were 'reasonably incurred' by [them] as a direct result of Hardaway's misconduct in discovery." *Id.* at *10. This Court will only conduct a hearing if necessary to resolve a disputed question of law or fact.

**IV.**

Accordingly, it is **ORDERED** that discovery in this case is **REOPENED** from the date of this Order until **April 5, 2022.**

Further, it is **ORDERED** that the parties are **GRANTED** leave to file new motions for summary judgment **on or before April 29, 2022.**

Further, it is **ORDERED** that Defendants are **DIRECTED** to file a new motion for sanctions **on or before January 19, 2022.**

A new scheduling order will be entered consistent with this Order and providing all other necessary dates.

Dated: December 29, 2021                    s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge