UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

B&P LITTLEFORD, LLC,

    Plaintiff,        Case No. 1:18-cv-11425

v.               Honorable Thomas L. Ludington
                United States District Judge
PRESCOTT MACHINERY, LLC
and RAY MILLER,

    Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS**

In this trade-secret case, Plaintiff B&P Littleford, LLC alleged its former CEO Ray Miller misappropriated Plaintiff's technical drawings. Defendants argued Plaintiff's claims were time-barred because it sued more than three years after it learned of Defendants' alleged misappropriations.

More relevant to this Order, Defendants also argued Plaintiff's attorney, John Hardaway III, intentionally did not disclose a 2015 complaint to the FBI seeking investigation of Defendants that would have proved Plaintiff's claims were time-barred. To that end, Defendants sought attorney's fees under 28 U.S.C. § 1927. This Court granted Defendants' motion on April 13, 2020. An appeal ensued, the trial court's opinion was reversed, and the case was remanded on August 24, 2021. But the parties settled the case in August 2022, before resolving the factual question of whether Plaintiff's complaint was time-barred.

According to the parties, the only question that remains is whether Hardaway is subject to sanctions for "unreasonably and vexatiously" multiplying the proceedings.

I.

In September 2019, this Court granted summary judgment in favor of Defendants on their statute-of-limitations defense. *See B&P Littleford, LLC v. Prescott Mach., LLC*, 417 F. Supp. 3d 844 (E.D. Mich. 2019). Plaintiffs filed a motion to alter or to amend judgment, and Defendants filed a motion for attorney's fees. ECF Nos. 93; 94.

Several months later, this Court denied Plaintiff's motion to alter or to amend the judgment and ordered Attorney Hardaway to pay Defendants' attorney's fees for omitting the 2015 FBI Complaint from discovery. *See B&P Littleford, LLC v. Prescott Mach., LLC*, No. 18-11425, 2020 WL 1847915, at *13 (E.D. Mich. April 13, 2020) (finding that Hardaway was "aware that Plaintiff's claims were time-barred when he prepared both Plaintiff's initial complaint and amended complaint" because his signature was on the cover letter of the FBI Complaint).

Plaintiff appealed and, as noted, the Sixth Circuit reversed summary judgment for Defendants, vacated the sanctions, and remanded the case for further proceedings. *B&P Littleford, LLC v. Prescott Mach., LLC*, No. 20-1449, 2021 WL 3732313, at *10 (6th Cir. August 24, 2021). The Sixth Circuit concluded that, though "[n]either DTSA nor MUTSA provides explicit guidance on when to classify particular pieces or bodies of information as different trade secrets," the determination is a fact-specific inquiry. *Id.* at 6. Notwithstanding the lack of explicit guidance, a jury question needed to be addressed: Did the alleged misappropriation of the China Lake drawings—including Miller's receipt of drawings from Henry in 2017 or 2018—"g[i]ve rise to a claim of misappropriation separate from his earlier acquisitions of B&P drawings"? *Id.* at 8. Further factual development was required, thus, it was premature to determine that Defendant was a prevailing party entitled to the attorney's fees from Hardaway. *Id*.

On remand, this Court reopened discovery and directed Defendants to file a renewed motion for sanctions considering the Sixth Circuit's opinion. ECF No. 134. Proceedings were stayed pending mediation from April–August 2022. ECF Nos. 165; 174.

On September 20, 2022, the parties stipulated to dismiss all the claims except Defendants' renewed motion for sanctions as to Hardaway and his law firm, Nexsen Pruet. ECF No. 178.

**II.**

Attorney's fees may be awarded if opposing counsel "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Sanctions for attorney's fees may be imposed on attorneys only—not on law firms. *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 751 (6th Cir. 2010) (concluding that a law firm is not a "person" under § 1927 because a law firm cannot be "admitted" to "conduct cases" in court).

"[Section] 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (citing *In Re Rubin*, 825 F.3d 977, 984 (6th Cir. 1987)). For example, § 1927 attorney's fees are warranted if an attorney "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id.* (citing *United States v. Wallace*, 964 F.2d 1214, 1220 (D.C. Cir. 1992)).

**III.**

In order to determine whether Hardaway's omission unreasonably and vexatiously multiplied the proceedings, this Court would have to determine whether Plaintiff's Complaint was time-barred. But that determination hinges on uncertainty: Are the 2018 and pre-2015

misappropriations the same?[1] *See B&P Littleford, LLC v. Prescott Mach., LLC*, No. 20-1449, 2021 WL 3732313, at *8 (6th Cir. August 24, 2021). Resolving that issue is not possible because the parties settled the case with prejudice without the factual development for a litigated result. *Cf. Tchatat v. O'Hara*, 249 F. Supp. 3d 701, 711 (S.D.N.Y. 2017) (collecting cases for the holding that if "there is a disputed issue of fact" as to whether a party "destroyed or withheld evidence," then "the question of whether a sanction will issue would have to await trial"), *objections overruled*, No. 14 CIV. 2385 (LGS), 2017 WL 3172715 (S.D.N.Y. July 25, 2017), *aff'd sub nom. Tchatat v. City of New York*, 795 F. App'x 34 (2d Cir. 2019) (unpublished). Even so, the answer to that question is unattainable on the existing factual record. Although the parties may have reached a settlement that saved them the expense of the factual development that the Sixth Circuit concluded was necessary, without such facts this Court cannot conclude that Hardaway's omission of the FBI Complaint "unreasonable and vexatiously" multiplied the proceedings to warrant § 1927 sanctions or attorney's fees. Indeed, that was the Sixth Circuit's explicit holding. *B&P Littleford*, 2021 WL 3732313, at *8.

The record does not demonstrate that Hardaway was reckless or made frivolous claims. The original complaint addressed only the alleged misappropriation related to the 2018 China Lake Project, and Hardaway disclosed the FBI Complaint once he thought that it became relevant—11 days after expanding the scope of his complaint with new claims. *See* ECF Nos. 72-9; 72-13; 138 at PageID.4227. Thus, it appears that Hardaway did *not* think that the FBI Complaint involved the 2018 misappropriation. And the record does not demonstrate that Hardaway *knew* that the FBI

---

[1] If they were the same misappropriation, then the statute of limitations might have been tolled if Plaintiff conducted a reasonable investigation that yielded results that would not have supported a complaint. *B&P Littleford, LLC v. Prescott Mach., LLC*, No. 20-1449, 2021 WL 3732313, at *8 (6th Cir. August 24, 2021).

Complaint involved the same misappropriation. So, even if the FBI Complaint involved the 2018 misappropriation, Hardaway *should* have known that they were the same, which is merely negligence and does not warrant sanctions under 28 U.S.C. § 1927. *See Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (holding that § 1927 sanctions require "something more than negligence or incompetence"); *see also Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001) (holding that § 1927 sanctions are appropriate if an attorney "knows or reasonably should know that a claim pursued is frivolous").

Finally, even if Hardaway had disclosed the FBI Complaint in 2018, thus, enabling Defendants to file a motion for summary judgment earlier, *see* ECF No. 138 at PageID.4234–35, the same question of fact would have been identified by the Sixth Circuit: whether the FBI Complaint related to the same misappropriation as the 2018 misappropriation. *See B&P Littleford*, 2021 WL 3732313, at *8. Simply put, this Court would have been just as amiss then as it is now—unable to answer the factual question without the necessary factual record.

In sum, neither sanctions nor attorney's fees are warranted under § 1927, so Defendants' Motion for Sanctions will be denied.

### IV.

Accordingly, it is **ORDERED** that Defendants' Motion for Sanctions, ECF No. 138, is **DENIED**.

**This is a final order and closes the above-captioned case**.

Dated: September 30, 2022         s/Thomas L. Ludington
                                  THOMAS L. LUDINGTON
                                  United States District Judge